UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ricardo D. Jones,<br>    Plaintiff,<br><br>          v.<br><br>ICNA Relief USA Programs d/b/a Shifa Clinic, SC,<br>    Defendant. | CASE NO.: 2:25-cv-03697-BHH-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. Charges of employment discrimination on basis of race and color discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

    b. Notifications of the Right to Sue were received from EEOC on or about February 11, 2025.

    c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notices of the Right to Sue.

3. The Plaintiff, Ricardo D. Jones, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, ICNA Relief USA Programs d/b/a Shifa Clinic, SC, upon information and belief, is a foreign corporation organized in the State of New York and doing business in the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about July 11, 2023, the Plaintiff (African American) began working for Defendant as a hunger prevention driver. The Plaintiff was efficient and effective in his work.

11. During the Plaintiff's employment with the Defendant, the Defendant began discriminating against African American employees including Plaintiff by making derogatory and racist comments.

12. On or about October 13, 2023, the Plaintiff's manager, Brandon Kenney, showed the Plaintiff a video using the word "Nigger."

13. The Plaintiff reported racial discrimination and inappropriate behavior to the Director and Human Resources, but nothing was done.

14. On or about October 16, 2023, The Plaintiff reported racial discrimination and inappropriate behavior again to the Director and Human Resources. The Defendant retaliated against the Plaintiff for reporting the acts, and he was told to leave and wait to hear back from them. Unfortunately, the Plaintiff never heard back from the Defendant, ultimately terminating the Plaintiff's employment.

15. Despite the Plaintiff reporting inappropriate behavior, the Defendant did not take appropriate action to stop the discrimination, preferential treatment, and inappropriate behavior.

16. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Racial Discrimination: Title VII

17. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

18. The Plaintiff is a member of a protected group on the basis of his race and/or color. The Plaintiff was retaliated against and terminated based on his race and color in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

19. The Defendant's stated reasons for preferential treatment, retaliation, and wrongful discharge were mere pretext, for the discrimination against the Plaintiff based on his race or color.

20. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ the Plaintiff due to his race or color;

   b. By treating other non-black employees with preferential treatment; and

   c. In failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

21. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment, and retaliation to exist in the workplace.

22. The Defendant's wrongful actions constituted a violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

23. The aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

24. The Plaintiff's race and color were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.

25. As a direct and proximate result of the Defendant's discrimination on the basis of race or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

26. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

27. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
**Violation of Civil Rights/ Title VII - Retaliation**

28. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

29. That as alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

30. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

31. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

32. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

33. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, he would not have been terminated.

34. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

35. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

36. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

37. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

38. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

39. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

**REQUEST FOR RELIEF**

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

42. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King  (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
May 1, 2025